Christopher D. Thomas (#010482)
Matthew L Rojas (#025030)
Andrea J. Driggs (#023633)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone:   602.351.8000
Facsimile:    602.648.7000
cthomas@perkinscoie.com
mlrojas@perkinscoie.com
adriggs@perkinscoie.com
docketPHX@perkinscoie.com

*Attorneys for Defendant-Intervenor*
*Resolution Copper Mining, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| San Carlos Apache Tribe, a federally recognized Tribe,<br><br>Plaintiff,<br><br>v.<br><br>United States Forest Service, an agency in the U.S. Department of Agriculture; Neil Bosworth, Supervisor of the Tonto National Forest; Tom Torres, Acting Forest Supervisor of the Tonto National Forest,<br><br>Defendants.<br><br>Resolution Copper Mining, LLC,<br><br>Defendant-Intervenor. | No. CV-21-0068-PHX-DWL<br><br>**ANSWER OF INTERVENOR-DEFENDANT RESOLUTION COPPER MINING, LLC TO SAN CARLOS APACHE TRIBE'S FIRST AMENDED COMPLAINT** |

Resolution Copper Mining, LLC ("Resolution"), for its Answer to the First Amended Complaint for Injunctive and Declaratory Relief ("Complaint") (Docket No. 14) of Plaintiff San Carlos Apache Tribe, pleads as follows. Except as expressly admitted herein, Resolution denies each and every allegation contained in Plaintiff's Complaint and denies that Plaintiff is entitled to any relief requested in Plaintiff's Complaint or otherwise.

INTRODUCTION

1.      In response to the allegations in Paragraph 1 of the Complaint, Resolution a) admits that it is an American limited liability company whose corporate parents are also American corporations ultimately owed by Rio Tinto plc and Rio Tinto Limited and BHP Group Limited and BHP Group Plc; b) admits that Resolution's proposed mine is located generally near the Town of Superior; c) admits that the company intends to explore and develop patented and unpatented mine claims, as more fully set forth in the six-volume Final Environmental Impact Statement published by the United States Forest Service on January 15, 2021; and d) admits that certain of the unpatented mine claims owned by Resolution lie beneath land, presently within Tonto National Forest, to be conveyed by Resolution by congressional order. The remainder of said Paragraph 1 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Resolution denies that Plaintiff is entitled to any relief herein and denies the remaining allegations in Paragraph 1.

2.      In response to the allegations in Paragraph 2, Resolution admits that its planned operations include those generally referenced, but states that the planned operations and their potential impacts are more fully described in the Final Environmental Impact Statement published by the United States Forest Service on January 15, 2021. To the extent a further response is required, Resolution denies the remaining allegations in Paragraph 2.

3.      In response to the allegations in Paragraph 3, Resolution a) denies that Defendants or Resolution have taken any action in violation of law; b) denies that the Mine will cause "irreparable harm" sufficient to support equitable relief; c) admits that the Western Apache Tribes (and before them the Hohokam and Salado) claim an ancestral connection to most of southern Arizona, including the Queen Creek area; and d) denies the remainder of the allegations in said Paragraph 3.

4.      In response to the allegations in Paragraph 4 of the Complaint, Resolution admits that Congress considered draft legislation authorizing and directing a surface rights

land exchange in and around Oak Flat (where Resolution holds unpatented mining claims) periodically beginning in 2005, which legislation was not enacted until it became Section 3003 of the 2015 National Defense Authorization Act; b) admits that Oak Flat has been identified as a traditional cultural property; c) and admits that the Tribe asserts the site has religious significance. Resolution denies the remaining allegations contained in Paragraph 4.

5.      In response to the allegations of Paragraph 5, Resolution a) admits that it intends to mine using the block-caving technique, while denying that the method will "destroy the land above the ore body" or produce a "massive crater" filled with "toxic water"; b) admits that Western Apache and other tribes (some before, some after) sporadically occupied the lands near the mine, without ever establishing title thereto; c) admits that title to the exchange lands is now held by the United States; d) and admits that the Southeast Arizona Land Exchange and Conservation Act removes a congressional prohibition against mining that presently applies to certain of the exchange lands; and e) denies the remainder of the allegations in Paragraph 5 and that Plaintiff is entitled to any relief herein.

6.      In response to the allegations in Paragraph 6, Resolution a) denies that the Paragraph accurately describes Section 3003 of the National Defense Authorization Act, the National Environmental Policy Act, or the Administrative Procedures Act, whose terms speak for themselves; b) admits that Section 3003 modifies NEPA to the extent necessary to ensure title to the federal lands is conveyed within 60 days of publication of the final environmental impact statement ("FEIS"), as Congress has the power to do; c) denies that Congress intended to allow disputes about title and appraisal to pre-empt the deadlines for conveyance of title, but merely that such disputes ultimately be resolved to produce an equalized exchange; and e) denies the remaining allegations contained in Paragraph 6.

7.      Resolution denies the allegations contained in Paragraph 7.

8.      Resolution denies the allegations contained in Paragraph 8.

9.    Resolution denies the allegations contained in Paragraph 9.

10.    Resolution denies the allegations contained in Paragraph 10.

11.    Resolution denies the allegations contained in Paragraph 11.

12.    Paragraph 12 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Resolution denies that Plaintiff is entitled to any relief herein and denies the remaining allegations in Paragraph 12.

## JURISDICTION AND VENUE

13.    In response to the allegations in Paragraph 13, Resolution a) admits that the Tribe has sued the United States; b) admits that the Court would have jurisdiction over the Tribe's claims if those claims raised a justiciable controversy; c) denies the Tribe has any right to relief hereunder; and d) denies the remaining allegations in Paragraph 13.

14.    Resolution admits the allegations in Paragraph 14.

## PARTIES

15.    Resolution denies for want of personal knowledge the allegations contained in Paragraph 15.

16.    Resolutions denies for want of personal knowledge the allegations in Paragraph 16 of the Complaint.

17.    In response to the allegations in Paragraph 17, Resolution a) admits that it intends to employ block-cave mining, while denying that Plaintiff has accurately described the consequences thereof; b) denies that the Forest Service has failed to comply with any law; c) denies for want of knowledge the allegations regarding Apache religious practices and beliefs; and d) denies the remaining allegations contained in Paragraph 17.

18.    Paragraph 18 consists of Plaintiff's characterization of federal laws, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies that Plaintiff is entitled to any relief herein and denies the remaining allegations in Paragraph 18.

19.     Paragraph 19 consists of Plaintiff's characterization of federal laws, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies that Plaintiff is entitled to any relief herein and denies the remaining allegations in Paragraph 19.

20.     Paragraph 20 consists of Plaintiff's characterization of federal laws, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies that Plaintiff is entitled to any relief herein and denies the remaining allegations in Paragraph 20.

## STATUTORY AND REGULATORY BACKGROUND

### I.     SECTION 3003 OF THE FISCAL YEAR 2015 NATIONAL DEFENSE AUTHORIZATION ACT

21.     Resolution admits the allegations in Paragraph 21.

22.     Resolution admits that the allegations in Paragraph 22 quote a portion of the referenced act, whose terms as a whole speak for themselves. Resolution denies that plaintiff is entitled to any relief under the referenced act and denies the remaining allegations in Paragraph 22.

23.     Resolution admits that the allegations in Paragraph 23 quote a portion of the referenced act, whose terms as a whole speak for themselves. Resolution denies that plaintiff is entitled to any relief under the referenced act and denies the remaining allegations in Paragraph 23.

24.     In response to the allegations in Paragraph 24, Resolution a) admits that appraisals have not yet been released for public review; b) admits that appraisals must be completed in order to conclude the equalization process; c) denies that appraisals must be completed as a precondition to transfer of title; and d) denies the remaining allegations in Paragraph 24.

25.     In response to the allegations in Paragraph 25, Resolution a) admits that the referenced act requires transfer of title within sixty days of publication of the final EIS; b) admits that appraisals values must be completed in order to conclude final equalization; c)

denies that completion of the appraisals is a precondition to conveyance of title; and d) denies the remaining allegations in Paragraph 25.

26.   Resolution admits the allegations in Paragraph 26.

27.   The allegations contained in Paragraph 27 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 27.

28.   The allegations contained in Paragraph 28 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Resolution denies them.

29.   Resolution denies the allegations in Paragraph 29 of the Complaint.

30.   The allegations contained in Paragraph 30 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 30.

31.   The allegations contained in Paragraph 31 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 31.

**II.   THE NATIONAL HISTORIC PRESERVATION ACT**

32.   The allegations contained in Paragraph 32 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 32.

33.   The allegations contained in Paragraph 33 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 33.

34.     The allegations contained in Paragraph 34 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 34.

35.     The allegations contained in Paragraph 35 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 35.

36.     The allegations contained in Paragraph 36 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 36.

37.     The allegations contained in Paragraph 37 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 37.

38.     The allegations contained in Paragraph 38 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 38.

39.     The allegations contained in Paragraph 39 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 39.

40.     The allegations contained in Paragraph 40 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 40.

41.     The allegations contained in Paragraph 41 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 41.

42.     The allegations contained in Paragraph 42 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 42.

43.     The allegations contained in Paragraph 43 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 43.

44.     The allegations contained in Paragraph 44 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 44.

45.     The allegations contained in Paragraph 45 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 45.

46.     The allegations contained in Paragraph 46 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 46.

47.     The allegations contained in Paragraph 47 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 47.

## III.   THE NATIONAL ENVIRONMENTAL POLICY ACT

48.     The allegations contained in Paragraph 48 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 48.

49.     The allegations contained in Paragraph 49 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 49.

50.     The allegations contained in Paragraph 50 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 50.

51.     The allegations contained in Paragraph 51 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 51.

52.     The allegations contained in Paragraph 52 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 52.

53.     The allegations contained in Paragraph 53 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 53.

54.     Resolution denies for want to knowledge the allegations in Paragraph 54, but states that the FEIS was published on January 15, 2021.

1   **IV.   RELIGIOUS FREEDOM RESTORATION ACT**

2           55.   The allegations contained in Paragraph 55 contain legal conclusions and
3   citations to which no response is required. To the extent a response may be required,
4   Resolution states that the referenced authorities speak for themselves, and further denies
5   the remaining allegations in Paragraph 55.

6           56.   The allegations contained in Paragraph 56 contain legal conclusions and
7   citations to which no response is required. To the extent a response may be required,
8   Resolution states that the referenced authorities speak for themselves, and further denies
9   the remaining allegations in Paragraph 56.

10          57.   The allegations contained in Paragraph 57 contain legal conclusions and
11  citations to which no response is required. To the extent a response may be required,
12  Resolution states that the referenced authorities speak for themselves, and further denies
13  the remaining allegations in Paragraph 57.

14  **V.    THE APACHE TREATY OF 1852**

15          58.   The allegations contained in Paragraph 58 contain legal conclusions and
16  citations to which no response is required. To the extent a response may be required,
17  Resolution states that the referenced authorities speak for themselves, and further denies
18  the remaining allegations in Paragraph 58.

19          59.   The allegations contained in Paragraph 59 contain legal conclusions and
20  citations to which no response is required. To the extent a response may be required,
21  Resolution states that the referenced authorities speak for themselves, and further denies
22  the remaining allegations in Paragraph 59.

23          60.   The allegations contained in Paragraph 60 contain legal conclusions and
24  citations to which no response is required. To the extent a response may be required,
25  Resolution states that the referenced authorities speak for themselves, and further denies
26  the remaining allegations in Paragraph 60.

27

28

FACTUAL ALLEGATIONS

**I.    APACHE RELIGIOUS INTERESTS OF THE SAN CARLOS APACHE TRIBE**

61.    Resolution denies for want of knowledge the allegations in Paragraph 61.

62.    Resolution denies for want of knowledge the allegations in Paragraph 62.

63.    In response to the allegations in Paragraph 63, Resolution (a) admits that the San Carlos Tribe, like others, claims ancestral ties to much of Arizona and the Southwest, although any aboriginal titles to such lands have been extinguished by the authority of Congress; (b) admits that the Tonto National Forest, including the Oak Flat Withdrawal Area, lies outside the boundaries of the Tribe's Reservation; (c) admits that the Tribe contends that certain areas within the Oak Flat Withdrawal Area have special cultural significance, without further specificity; (d) denies that Resolution will prohibit access by the Tribe and the public to the Oak Flat Withdrawal Area immediately upon taking title to it; (e) affirmatively states that it will manage the Oak Flat Withdrawal Area consistent with current Forest Service practices until such time as mine operations preclude access for safety reasons, a matter of years; (f) denies that Resolution will subject the Tribe and its members to trespass fines (or other legal action or penalties) for attempting to access the Oak Flat Withdrawal Area (whether for religious practices or to engage in other activities like acorn gathering) prior to such time; (g) denies that the Tribe faces immediate and irreparable injury sufficient to support injunctive relief; and (h) denies for want of knowledge the remaining allegations in Paragraph 63.

64.    In response to the allegations in Paragraph 64, Resolution a) admits that its resource surveys identified certain items of interest as more fully reported in the administrative record and EIS and b) denies for want of knowledge the remaining allegations in Paragraph 64.

65.    Resolution denies for want of knowledge and lack of specificity the allegations in Paragraph 65.

## II.   THE FOREST SERVICE'S ISSUANCE OF A FINAL ENVIRONMENTAL IMPACT STATEMENT

66.    In response to the allegations in Paragraph 66, Resolution a) admits that the FEIS was in fact published on January 15, 2021, b) denies for want to knowledge communications between the Tribe and Acting Supervisor Torres; c) asserts that the terms of referenced documents speak for themselves; and d) denies the remaining allegations in Paragraph 66.

67.    Resolution denies the allegations in Paragraph 67.

68.    In response to the allegations in Paragraph 68, Resolution states that the terms of the referenced document speak for themselves and require no response and further denies any remaining allegations in Paragraph 68.

69.    In response to the allegations in Paragraph 69, Resolution states that the terms of the referenced document speak for themselves and require no response and further denies any remaining allegations in Paragraph 69.

70.    In response to the allegations in Paragraph 70, Resolution states that the terms of the referenced document speak for themselves and require no response and further denies any remaining allegations in Paragraph 70.

71.    In response to the allegations in Paragraph 71, Resolution a) admits that SWCA's Chris Garrett prepared a "white paper" for the Groundwater Modeling Workgroup, the terms of which speak for themselves; and b) denies the remaining allegations in Paragraph 71.

72.    Resolution denies the allegations in Paragraph 72.

73.    The allegations contained in Paragraph 73 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution a) states that the referenced authorities speak for themselves, b) denies that the referenced section of the NDAA requires completion of appraisals prior to conveyance of title (as opposed to final equalization of values) and c) further denies the remaining allegations in Paragraph 73.

74.     Resolution denies for want of knowledge the allegations in Paragraph 74, but states that the FEIS was in fact published on January 15, 2021.

### III.    FACTS RELATED TO THE FOREST SERVICE'S ISSUANCE OF A PROGRAMMATIC AGREEMENT REGARDING COMPLIANCE WITH THE NATIONAL HISTORIC PRESERVATION ACT

75.     The allegations contained in Paragraph 75 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 75.

76.     The allegations contained in Paragraph 76 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 76.

77.     The allegations contained in Paragraph 77 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 77.

78.     The allegations contained in Paragraph 78 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 78.

79.     Resolution admits the allegations in Paragraph 79.

80.     Resolution denies for want of knowledge the allegations in Paragraph 80.

81.     Resolution denies for want of knowledge the allegations in Paragraph 81.

82.     Resolution denies the allegations in Paragraph 82.

83.     Resolution denies the allegations in Paragraph 83.

84.     Resolution denies the allegations in Paragraph 84.

85.     In response to the allegations in Paragraph 85, Resolution admits that the Tonto National Forest has completed a Programmatic Agreement but denies for want of

1    knowledge the remaining allegations in Paragraph 85.

2         86.    In response to the allegations in Paragraph 86, Resolution states that a) the

3    terms of the referenced document speak for themselves; b) legal conclusions require no

4    response; and c) denies the remaining allegations in Paragraph 86.

5         87.    In response to the allegations in Paragraph 87, Resolution a) denies for want

6    of knowledge allegations regarding the Tribe's interaction with the TNF; b) denies that

7    the Programmatic Agreement fails to comply with the NDAA or the NHPA; and c) further

8    denies the remaining allegations in Paragraph 87.

9         88.    Resolution admits the allegations in Paragraph 88.

10        89.    Resolution denies for want of knowledge the allegations in Paragraph 89.

11        90.    Resolution denies the allegations in Paragraph 90.

12        91.    Resolution denies the allegations in Paragraph 91.

13        92.    Resolution denies the allegations in Paragraph 92.

14        93.    Resolution denies the allegations in Paragraph 93.

15        94.    Resolution denies for want of knowledge the allegations in Paragraph 94.

16        95.    In response to the allegations in Paragraph 95, Resolution a) admits that the

17   Tribe previously filed an unsuccessful suit against EIS data collection activities in No. 16-

18   cv-03115-PHX-DGC; and b) denies for want of knowledge allegations concerning the

19   Forest Service's state of mind.

20        96.    In response to the allegations in Paragraph 96, Resolution a) denies that the

21   Forest Service's consultation efforts failed to comply with §106; b) states that the terms of

22   ACHP's comments regarding consultation speak for themselves; and c) further denies the

23   remaining allegations in Paragraph 96.

24        97.    Resolution denies the allegations in Paragraph 97 to the extent they imply

25   the Forest Service consultation efforts failed to comply with law and further denies, for

26   want of knowledge, the remaining allegations in Paragraph 97.

27        98.    Resolution a) denies the allegations in Paragraph 98 to the extent they imply

28   the Forest Service consultation efforts failed to comply with law; b) denies for want of

knowledge allegations concerning the state of mind of third parties; and c) denies the remaining allegations in Paragraph 98.

99.      In response to the allegations in Paragraph 99, Resolution a) admits that on December 23, 2019, the Tribe submitted comments on the EIS, which comments speak for themselves; and b) denies the remaining allegations in Paragraph 99.

100.    Resolution denies the allegations in Paragraph 100.

101.    Resolution denies the allegations in Paragraph 101.

102.    Resolution a) admits that Chairman Rambler sent the referenced correspondence; b) denies that the ACHP was in violation of the NHPA; and c) denies the remaining allegations in Paragraph 102.

103.    Resolution denies the allegations in Paragraph 103.

## IV.   FACTS RELATED TO NATIONAL ENVIRONMENTAL POLICY ACT COMPLIANCE

104.    Resolution admits that the Final EIS was published on January 15, 2021.

105.    Resolution denies the allegations in Paragraph 105.

## CLAIMS FOR RELIEF

### Claim I

### VIOLATION OF SECTION 3003 OF THE NDAA

106.    Resolution incorporates its responses to the paragraphs incorporated by Plaintiff.

107.    Resolution denies the allegations in Paragraph 107.

108.    Resolution denies the allegations in Paragraph 108.

109.    Resolution denies the allegations in Paragraph 109.

**Claim 2**

**FAILURE TO CONSULT UNDER §106 OF THE NHPA; VIOLATION OF SECTION 3003 OF THE NDAA**

110.   Resolution incorporates its responses to the paragraphs incorporated by Plaintiff.

111.   The allegations contained in Paragraph 111 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 111.

112.   The allegations contained in Paragraph 112 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 112.

113.   Resolution denies the allegations in Paragraph 113.

114.   Resolution denies the allegations in Paragraph 114.

115.   Resolution denies the allegations in Paragraph 115.

**Claim 3**

**SECTION 3003 OF THE NDAA AS APPLIED VIOLATES THE RELIGIOUS FREEDOM RESTORATION ACT**

116.   Resolution incorporates its responses to the allegations incorporated by Plaintiff.

117.   The allegations contained in Paragraph 117 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 117.

118.   The allegations contained in Paragraph 118 contain legal conclusions and citations to which no response is required. To the extent a response may be required,

1    Resolution states that the referenced authorities speak for themselves, and further denies

2    the remaining allegations in Paragraph 118.

3        119.    Resolution denies the allegations in Paragraph 119.

4        120.    Resolution denies the allegations in Paragraph 120.

5        121.    Resolution denies the allegations in Paragraph 121.

6        122.    Resolution denies the allegations in Paragraph 122.

7        123.    Resolution denies the allegations in Paragraph 123.

8        124.    Resolution denies the allegations in Paragraph 124.

9        125.    Resolution denies the allegations in Paragraph 125.

10                                    **Claim 4**

11   **SECTION 3003 OF THE NDAA AS APPLIED VIOLATES THE FREE EXERCISE**
12   **CLAUSE OF FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**

13       126.    Resolution incorporates its responses to the allegations incorporated by

14   Plaintiff.

15       127.    Resolution denies for want of knowledge the allegations in Paragraph 127.

16       128.    Resolution denies the allegations in Paragraph 128.

17       129.    Resolution denies the allegations in Paragraph 129.

18       130.    Resolution denies the allegations in Paragraph 130.

19       131.    Resolution denies the allegations in Paragraph 131.

20       132.    Resolution denies the allegations in Paragraph 132.

21       133.    Resolution denies the allegations in Paragraph 133.

22       134.    Resolution denies the allegations in Paragraph 134.

23       135.    Resolution denies the allegations in Paragraph 135.

24       136.    Resolution denies the allegations in Paragraph 136.

25       137.    Resolution denies the allegations in Paragraph 137.

26

27

28

**Claim 5**

**SECTION 3003 OF THE NDAA PROHIBITS THE TRIBE'S MEMBERS' TREATY RIGHT TO THE FREE EXERCISE OF THEIR RELIGIOUS BELIEFS**

138.   Resolution incorporates its responses to the allegations incorporated by Plaintiff.

139.   Resolution denies for want of knowledge the allegations in Paragraph 139.

140.   Resolution denies for want of knowledge the allegations in Paragraph 140.

141.   Resolution denies for want of knowledge the allegations in Paragraph 141.

142.   Resolution denies the allegations in Paragraph 142.

143.    Resolution denies the allegations in Paragraph 143.

144.   Resolution denies the allegations in Paragraph 144.

145.   Resolution denies the allegations in Paragraph 145.

146.   Resolution denies the allegations in Paragraph 146.

**GENERAL AND AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to Plaintiff's Complaint, Resolution alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

147.   Plaintiff's Complaint fails to state a claim upon which relief may be granted as to Resolution.

**SECOND AFFIRMATIVE DEFENSE**

148.   Plaintiff's claims and requests for relief are barred in whole or in part because any actions taken by Defendants and/or Resolution with respect to the subject matter alleged in the Complaint were undertaken in good faith and constitute lawful, proper, justified and/or privileged conduct.

**THIRD AFFIRMATIVE DEFENSE**

149.   Plaintiff's claims and requests for relief are barred in whole or in part by the applicable statutes of limitations.

1

### FOURTH AFFIRMATIVE DEFENSE

2     150.   Plaintiff's claims and requests for relief are barred in whole or in part by

3  laches.

4

### FIFTH AFFIRMATIVE DEFENSE

5     151.   Plaintiff's claims and requests for relief are barred in whole or in part

6  because Plaintiff did not properly exhaust its administrative remedies prior to bringing this

7  action.

8

### SIXTH AFFIRMATIVE DEFENSE

9     152.   Plaintiff's claims and requests for relief are barred in whole or in part by res

10  judicata and/or collateral estoppel and/or law of the case based upon the prior judicial

11  decisions with respect to the matters raised in the Complaint.

12

### SEVENTH AFFIRMATIVE DEFENSE

13     153.   Plaintiff lacks standing to bring this action.

14

### EIGHTH AFFIRMATIVE DEFENSE

15     154.   Plaintiff has waived its right(s) to assert some or all of its claims and

16  requests for relief.

17

### NINTH AFFIRMATIVE DEFENSE

18     155.   Plaintiff is estopped from asserting some or all of its claims and requests for

19  relief.

20

### TENTH AFFIRMATIVE DEFENSE

21     156.   This Court lacks subject matter jurisdiction to review some or all of

22  Plaintiff's claims and requests for relief.

23

### ELEVENTH AFFIRMATIVE DEFENSE

24     157.   Any injunctive relief or other equitable relief sought by Plaintiff should be

25  denied because Plaintiff has unclean hands.

26

### FURTHER AFFIRMATIVE DEFENSES

27     158.   Resolution reserves the right to assert additional affirmative defenses that

28  become known to it upon further investigation, disclosure or discovery.

1    Having fully answered, Resolution respectfully requests that the Court deny all

2  relief sought by Plaintiff, grant judgment to Defendants and to Resolution, and grant

3  Defendants and Resolution such other relief as may be just and proper, including an award

4  of costs and attorney's fees to which Resolution may be entitled to recover by statute or

5  otherwise.

6    Respectfully submitted this 8th day of February, 2021.

7                                              **PERKINS COIE LLP**

8

9                                  By: *s/ Christopher D. Thomas*
                                       Christopher D. Thomas
10                                      Matthew L Rojas
                                        Andrea J. Driggs
11                                      PERKINS COIE LLP
                                        2901 North Central Avenue, Suite 2000
12                                      Phoenix, Arizona 85012-2788

13                                     *Attorneys for Defendant-Intervenor*
                                       *Resolution Copper Mining, LLC*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

☒       I hereby certify that on February 8, 2021, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alexander B. Ritchie, Attorney General
Justine R. Jimmie
Chase A. Velasquez
San Carlos Apache Tribe
P.O. Box 40
San Carlos, Arizona 85550

Jean E. Williams
Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

Reuben Schifman
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M Street NE
Washington, DC 20002

                                          *s/ Janet Roe*                                    

151136688.1

-20-